COLLECTOR (COTTON PRESS CO. v.). See Case No. 3,271.

COLLECTOR (GRAHAM v.). See Case No. 5,663.

COLLECTOR (PASSAVANT v.). See Case No. 10,790.

COLLECTOR OF CHARLESTON (GILCHRIST v.). See Case No. 5,420.

———

## Case No. 2,998.

### COLLENDER v. BAILEY.

[3 Ban. & A. 217;[1] 13 O. G. 277.]

Circuit Court, D. Massachusetts. Feb. 4, 1878.

PATENTS—"BILLIARD CUSHIONS"—CONSTRUCTION.

Reissued letters patent No. 2,511, granted to Hugh W. Collender, March 19th, 1867, for an "improvement in cushions for billiard-tables," *held* to be for the process or art of making the cushion, as described, and not for the cushion as an article of manufacture.

[In equity. Bill by Hugh W. Collender against Amasa W. Bailey.]

James E. Maynadier, for complainant.
Henry D. Hyde, for defendant.

SHEPLEY, Circuit Judge. Reissued patent No. 2,511, to Hugh W. Collender, dated March 19th, 1867, is for an improvement in cushions for billiard-tables. One of the questions presented in this case is, whether the patent is for an improvement in the mode of making the cushion or for the improved cushion thus made—in other words, whether the patent is for a "new manufacture," or a "new art" or process. The words of the claim clearly apply to a new art or process of making the cushion. The claim is as follows: "I do not claim in this application the use of two rubbers of different densities, as this is covered by a former patent of mine; nor do I claim a steel strip, a whalebone strip, or any other substances which are used with a view of producing a cushion which has an elastic foundation and a comparatively solid face; but what I claim as my invention, and desire to secure by letters patent, is: Uniting the parts employed in forming combination billiard-cushions by placing the harder or more dense and less elastic substances in a mold, and allowing the melted rubber to flow against, around, or into the harder or more dense and less elastic substances, or causing the plastic rubber, by pressure, to unite with the same, and then vulcanizing the India-rubber, substantially as and for the purpose set forth."

In the case of Collender v. Came [Case No. 2,999], decided by Mr. Justice Clifford, in this circuit, at the May term, 1876, it did not become necessary for the court to decide whether the reissued patent of the complainant was for an art or a manufacture, as the defendant in that case used the Collender process and made the Collender product. In this case it becomes necessary to decide that question, for only eight of the cushions proved to have been made by the defendant were made by the process described by Collender, while others made by a different process are claimed by complainant to be the equivalents of his product. In this case the patent is construed to be for the art of: "Uniting the parts employed in forming combination billiard-cushions, by placing the harder or more dense and less elastic substances in a mold, and allowing the melted rubber to flow against, around, or into the harder or more dense and less elastic substances, or causing the plastic rubber, by pressure, to unite with the same, and then vulcanizing the India-rubber, substantially as and for the purpose set forth." Under this construction of the patent, defendant is only liable for infringement, by reason of making eight sets of cushions by the Collender process.

The decree will be for the complainant for an injunction against the use of the Collender process, and for the profits from the use of the eight sets of cushions, and for one-half of complainant's costs.

[NOTE. For another case involving this patent, see Collender v. Came, Case No. 2,999.]